# Order

Michigan Supreme Court
Lansing, Michigan

July 12, 2005

Clifford W. Taylor
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Justices

126275

SHIRLEY HAMILTON, Personal Representative
of the ESTATE OF ROSALIE ACKLEY,
                  Plaintiff-Appellee,
and

BLUE CROSS BLUE SHIELD,
                  Intervening Plaintiff,

v                                             SC: 126275
                                              COA: 244126
                                              Saginaw CC: 00-033440-NH
MARK F. KULIGOWSKI, D.O.,
                  Defendant-Appellant.
_____/

On order of the Court, the application for leave to appeal the April 22, 2004 judgment of the Court of Appeals is considered, and it is GRANTED. The parties are directed to include among the issues to be briefed: (1) the proper construction of the words "specialist" and "that specialty" in MCL 600.2169(1)(a) and MCL 600.2169(1)(b)(i); and (2) the proper construction of "active clinical practice" and "active clinical practice of that specialty" as those terms are used in MCL 600.2169(1)(b)(i).

The American Osteopathic Association's Bureau of Osteopathic Specialists, the Accreditation Council for Graduate Medical Education, and the Council of Medical Specialty Societies are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.

WEAVER, J., concurs and states as follows:

I concur in the Court's decision to grant leave to appeal. I write to emphasize that the issues of interpretation of MCL 600.2169 presented in this case are integrally related to the issues presented in *Woodard v Custer*, 473 Mich ___ (2005). As I stated in my concurrence with the order granting leave to appeal in *Woodard*, "[h]ow this Court interprets specialty and board certified in subpart 1(a) of MCL 600.2169 significantly

affects the ability of a party to a medical malpractice action to find an expert qualified to testify." The same can be said regarding how this Court interprets "active clinical practice" and "active clinical practice of that specialty" in subpart 1(b)(i) of MCL 600.2169.

d0705



I, CORBIN R. DAVIS, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 12 , 200 5

Clerk